The Honorable Thomas S. Zilly

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

GORDON SCOTT STROH,

11                          Plaintiff,

12            v.

13    SATURNA CAPITAL CORPORATION;
NICHOLAS KAISER and DEBORAH KAISER,
14    husband and wife; and JANE CARTEN and
TERRANCE CARTEN, wife and husband,

15                          Defendants.

16
17
18
19
20
21
22
23
24
25
26
27

No. 2:16-cv-00283

CONSOLIDATED MOTION TO
DISMISS CLAIMS AND STRIKE
ALLEGATIONS

Noted for hearing: May 27, 2016

Oral Argument Requested

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND FACTUAL BACKGROUND...................................................1

II.  ARGUMENT ...........................................................................................................5

    A.  Stroh Failed to Exhaust His Administrative Remedies Against Kaiser and Carten and their Spouses. ......................................................................................5

    B.  Stroh Is Not A Whistleblower Under the Dodd-Frank Act. ................................7

    C.  Stroh Does Not and Cannot Allege Extreme and Outrageous Conduct or Severe Emotional Distress...................................................................................12

    D.  Stroh Fails to State a Claim for Breach of Securities Industry Ethical Duties.....................................................................................................................14

    E.  Stroh's Irrelevant and Inflammatory Accusations Should Be Stricken From the Complaint. ......................................................................................................17

    F.  Deborah Kaiser and Terence Carten Should Be Dismissed As Defendants. .....19

III.  CONCLUSION .......................................................................................................20

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - i
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abarquez v. Onewest Bank, FSB*,
   2011 WL 1459458 (W.D. Wash. Apr. 15, 2011) ...................................................................1

*Asadi v. G.E. Energy (USA), L.L.C*,
   720 F.3d 620 (5th Cir. 2013) ..................................................................................8, 9, 10

*Barnhart v. Sigmon Coal Co.*,
   534 US 438 (2002) ...............................................................................................................11

*Berman v. Neo@Ogilvy LLC*,
   801 F.3d 145 (2d Cir. 2015) ..................................................................................................9

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty.
   of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ...................................................................1

*Bridges v. McDonald's Corp.*,
   2009 WL 5126962 (N.D. Ill. Dec. 21, 2009) ........................................................................6

*Bussing v. CorClearing LLC*,
   20 F. Supp. 3d 719, 729 (D. Neb. 2014) ........................................................................8, 10

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*,
   258 F.R.D. 663 (W.D. Wash. 2009) ...............................................................................17, 19

*Chevron USA Inc. v. N.R.D.C.*,
   467 US 837 (1984) .................................................................................................................9

*Connolly v. Remkes*,
   2014 WL 5473144 (N.D. Cal. Oct. 28, 2014) .....................................................................10

*Coudriet v. Int'l Longshore and Warehouse Union Local 23*,
   2008 WL 2262322 (W.D. Wash. May 29, 2008) .................................................................18

*Davies v. Broadcom Corp.*,
   130 F. Supp. 3d 1343 (C.D. Cal. 2015) .................................................................................9

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ...............................................................................................1

*Englehart v. Career Educ. Corp.*,
   2014 WL 2619501 (M.D. Fla. May 12, 2014) ......................................................................9

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - ii
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Feltoon v. MG2 Corp.*,
   Case No. 2:15-02032 (RAJ) (W.D. Wash.)........................................................................11

*Genberg v. Porter*,
   935 F. Supp. 2d 1094 (D. Colo. 2013) *aff'd in part, appeal dismissed in part*,
   566 Fed. Appx. 719 (10th Cir. 2014) ...............................................................................6

*Imeson v. Eagle View Techs., Inc.*,
   2014 WL 1047165 (W.D. Wash. Mar. 14, 2014)................................................................13

*INS v. Cardoza-Fonseca*,
   480 U.S. 421 (1987) ...............................................................................................10

*JDS Uniphase Corp. v. Jennings*,
   473 F. Supp. 2d 705 (E.D. Va. 2007) ..............................................................................5

*Johnson v. U.S. Bancorp*,
   2012 WL 6615507 (W.D. Wash. Dec. 18, 2002) ................................................................17

*Johnston v. M/V Dieu Si Bon*,
   1996 WL 866112 (W.D. Wash., Oct. 10, 1996)................................................................14

*Khazin v. TD Ameritrade Holding Corp.*,
   2014 WL 940703 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d
   488 (3rd Cir. 2014) ...............................................................................................10

*Lutzeier v. Citigroup, Inc.*,
   2015 WL 1033696 (E.D. Mo. Mar. 9, 2015)........................................................................6

*Lutzeier v. Citigroup Inc.*,
   305 F.R.D. 107 (E.D. Mo. 2015), *order vacted in part on reconsideration*,
   2015 WL 7306443 (E.D. Mo. Nov. 19, 2015) ..................................................................9

*Mart v. Forest River, Inc.*,
   854 F. Supp. 2d 577 (N.D. Ind. 2012) ..............................................................................5

*Minvielle v. Smile Seattle Invs., LLC*,
   2008 WL 4962694 (W.D. Wash. Nov. 19, 2008) (Zilly, J.)...............................................12

*Negrete-Ramirez v. Holder*,
   741 F.3d 1047 (9th Cir. 2014) ......................................................................................11

*Nieman v. Nationwide Mut. Ins. Co.*,
   706 F. Supp. 2d 897 (C.D. Ill. 2010) ..............................................................................5

*Reynolds & Reynolds Co. v. Universal Forms, Labels & Sys., Inc.*,
   965 F. Supp. 1392 (C.D. Cal. 1997) ..............................................................................20

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ...........................................................................5, 7

*Santa Fe Pointe, LP v. Greystone Servicing Corp., Inc.*,
   2009 WL 32525 (N.D. Cal. Jan. 5, 2009)...................................................................20

*Smith v. Corning Inc.*,
   2007 WL 2120375 (W.D.N.Y. July 23, 2007) ...........................................................7

*Somers v. Dig. Realty Tr., Inc.*,
   119 F. Supp. 3d 1088, 1094-95 (N.D. Cal. 2015) ...........................................10

*Verble v. Morgan Stanley Smith Barney, LLC*,
   2015 WL 8328561 (E.D. Tenn. Dec. 8, 2015), *appeal filed*, No. 15-6397 (6th
   Cir. Dec. 17, 2015) .....................................................................................9

*Verfuerth v. Orion Energy Sys., Inc.*,
   65 F. Supp. 3d 640, 646 (E.D. Wis. 2014) ...............................................................9

**State Cases**

*11601 Wilshire Assocs. v. Grebow*,
   64 Cal. App. 4th 453, 74 Cal. Rptr. 2d 912 (1998) ...........................................20

*Dombrosky v. Farmers Ins. Co.*,
   84 Wn. App. 245, 928 P.2d 1127 (1997).................................................................12

*Kidwell v. Sybaritic, Inc.*,
   784 N.W.2d 220 (Minn. 2010) (Magnuson, J. concurring)......................................18

*Kloepfel v. Bokor*,
   149 Wn.2d 192, 66 P.3d 630 (2003) ...........................................................12, 14

*Quedado v. Boeing Co.*,
   168 Wn. App. 363, 276 P.3d 365 (2012).............................................................16, 17

*Rafel Law Group PLLC v. Defoor*,
   176 Wn. App. 210, 308 P.3d 767 (2013)..................................................................18

*Roberts v. Atl. Richfield Co.*,
   88 Wn.2d 887, 568 P.2d 764 (1977) ......................................................................16

*Snyder v. Medical Service Corporation of Eastern Washington*,
   98 Wn. App. 315, 988 P.2d 1023 (1999), *aff'd*, 145 Wn.2d 233, 35 P.3d
   1158 (2001) ....................................................................................................13

*Strong v. Terrell*,
   147 Wn. App. 376, 195 P.3d 977 (2008)...............................................................13

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - iv
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
L A W  O F F I C E S
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Sutton v. Tacoma Sch. Dist. No. 10,*
    180 Wn. App. 859, 324 P.3d 763 (2014)...............................................................................14

**Federal Statutes**

15 U.S.C. § 78u-6 ............................................................................... *passim*

18 U.S.C. § 1514A ............................................................................... *passim*

**State Statutes**

California Family Code § 910 ...............................................................20

RCW 4.08.040 .....................................................................................20

RCW 26.16.030 ...................................................................................20

RCW 26.16.190 ...................................................................................20

**Rules**

Federal Rules of Civil Procedure 12(b)(1) ................................3, 5, 7, 20

Federal Rules of Civil Procedure 12(b)(6) ................................. *passim*

Federal Rules of Civil Procedure 12(f) ...........................................4, 17, 21

Washington Rules of Professional Conduct 1.6 ................................. *passim*

**Regulations**

17 C.F.R. § 240.21F–2 ......................................................................9, 11

17 C.F.R. § 275.204A-1 ..................................................................14, 15

29 C.F.R. § 1980.101(k) .......................................................................7

29 C.F.R. § 1980.104(a) .......................................................................7

**Other Authorities**

H.R. 4173, 111th Cong. §§ 922(a)(6), (h)(1)(A) (2d Sess. 2010) ................10

H.R. 4173, 111th Cong. § 7203(g)(1)(A) (1st Sess. 2009) ........................10

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - v
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Scott Stroh was the Chief Legal Officer for Saturna Capital Corporation and the Chief Compliance Officer for Saturna Capital's affiliate, Saturna Brokerage Services (collectively, "Saturna"), among other roles, until he quit in July 2014.  Complaint [Dkt. 5, Ex. A] at ¶ 8.[1]

Although Stroh alleges that he was terminated, ¶ 8, his own contemporaneous statements (as referenced in his Complaint)[2] show that at 9:55 a.m. on July 15, 2014, the morning Stroh learned  he would not receive a pay raise, Stroh texted his girlfriend and told her he was "coming home" because he "basically gave notice at my job."  Declaration of Nara Neves ("Neves Decl."), Ex. A at 1.  An hour later, he texted Saturna's compliance officer, a junior employee who had reported to Stroh, and advised, "you should walk into jane's office and ***quit… I just did***."  *Id.* (sic) (emphasis added).  When asked by his subordinate whether Stroh was serious, Stroh replied "Yup, that's why I'm not there  . . . They did not meet my demand." *Id.*

That evening, Stroh emailed Carten.  He told her, "I want to emphasize how much I have enjoyed my time at Saturna. . . . I love my job and the people I work with, and it truly makes me sad to move on. . . . I need to do what is best for my family.  ***This is about cash flow***

---

[1] Unless otherwise indicated, all paragraph citations herein are in reference to the allegations in the Complaint.

[2] Stroh's Complaint references and relies on the fact that he and Saturna's President, Jane Carten, "exchanged emails" regarding Stroh's employment status, and admits he told others that he "quit." ¶¶ 12, 62, 69.  These emails and statements – some made in text messages – are thus documents that Stroh has incorporated by reference into his Complaint, and which may be considered on this Motion to Dismiss.  In this Circuit, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (same); *see also Abarquez v. Onewest Bank, FSB*, 2011 WL 1459458, at *1 (W.D. Wash. Apr. 15, 2011) (considering documents referenced in the complaint in order to "provide necessary context in this case.").

Defendants do not assert that these emails and text messages constitute the entire record on the issue of Stroh's resignation – there is much more to show the falsity of Stroh's claims, which will be presented in due course.  Defendants are not moving to dismiss any claims based solely on the contents of these documents. Rather, for now Saturna presents only these few documents to correct the flagrantly inaccurate allegation that Stroh did not resign and as context to show his "Emotional Distress" claim should be dismissed.  *See* Section II.C, below.

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 1
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*and my ability to provide for them, nothing more…nothing less*." Neves Decl., Ex. B. at 1 (emphasis added). He went on to demand a 30% salary increase as a condition of returning to Saturna, and told Carten that he could "begin work tomorrow" at several other jobs. *Id.* He closed by telling her that "if you are not willing or able to make that happen, I have no hard feelings and am happy to work with you to manage the transition." *Id.* Carten responded within an hour, telling Stroh that, based on his previous statements to her, she had already hired a legal recruiter to begin the process of replacing him. *Id.* at 3. She told him that his demands were too high, and reminded him of the generous benefit package that he had been receiving. *Id.*

Stroh's follow-up email later that night recognized that his statements to Carten "came across as a foregone conclusion that I was leaving." *Id.* at 6. He reiterated that "I like what I do" but restated his original demand for a salary increase. *Id.* Carten responded the next day by improving her offer. *Id.* at 9. Stroh almost immediately rejected that olive branch, telling her that the $30,000 annual raise she had proposed would "just kick the can down the road another year." *Id.* at 10. He told her, "***I just can't do it at what you are offering***," and even though he recognized that the salary difference was "a painfully small number to terminate employment over," he explained that "***my situation is pure math.***" *Id.* (emphasis added). He then offered to "do the right thing and work the next couple weeks to help minimize the impact of my departure," and suggested that he could be useful in assisting Carten retain other legal and compliance staffers (despite his suggestions to the contrary in his text messages to those individuals). *Id.*

Carten accepted Stroh's resignation, writing, "Sounds like I'm going to have to accept your offer to stay on for a bit while we get something in place." *Id.* at 12. The following morning, Stroh met with Carten, and she accepted his resignation in person. Following that meeting, Stroh attempted to reverse his decision to resign and unilaterally revive negotiations by continuing to demand more money than Saturna was willing to offer, while restating that "I harbor no ill-will towards you or Saturna and have very much enjoyed the past eight years.

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 2
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Everything else from this point on is just business." *Id.* at 18.  Later that day, he followed that email with another in which he informed Carten that, "I enjoy working at Saturna . . . ***But for my financial issues, I have no desire to leave.***" *Id.* at 19.  Saturna did not want to pay – and was under no obligation to pay – what Stroh demanded , so Stroh's resignation stood. ¶¶ 62, 64, 69.

Stroh has since tried a different way to extract money from Saturna.  He now accuses Saturna of various regulatory violations and claims the outcome of his "hard bargaining" was actually retaliation against him for purported internal whistleblowing.  This allegation has no merit.  Stroh is simply trying to leverage the fact that, in his former role as Saturna's Chief Legal Officer and Chief Compliance Officer, he was privy to information about regulatory issues that anyone in such a position would have to address.  Rather than adhering to his ongoing fiduciary obligations to Saturna, he is now seeking to exploit his former role in the hope that it supports his attempt to extract money from his former client.

The evidence showing that Stroh's claims lack merit will be overwhelming as this case proceeds.[3]  At this stage, however, the truth of his baseless allegations has to be assumed.[4]  Nevertheless, several of Stroh's claims are subject to immediate dismissal because he fails to plead required elements and, by including irrelevant and inflammatory accusations based on confidential information he obtained during his tenure as Saturna's attorney, Stroh violated his ethical duties under Washington's Rules of Professional Conduct.[5]  Pursuant to Federal Rules

---

[3] Defendants intend to move for summary judgment after the completion of necessary discovery, and are confident that the entire lawsuit will be dismissed at that stage.

[4] Under Rule 12(b)(6), the facts alleged in the Complaint are presumed true for the purpose of this Motion only. Ordinarily, in a Motion to Dismiss, Defendants would describe the allegations in Stroh's Complaint in order to provide the factual context for this Motion.  However, to avoid filing this Motion under seal, Defendants have omitted references to allegations covered by Rule of Professional Conduct 1.6.  The Complaint, which is provisionally under seal, describes Stroh's version of events in paragraphs 59-62. Pursuant to this Court's Order, Defendants will file their Memorandum in support of the Motion to Seal the Unredacted Complaint by May 6, 2016.

[5] As will be shown during the course of this lawsuit, Stroh also breached his duties to Saturna by disclosing information covered by Rule 1.6 of the Washington Rules of Professional Conduct in the submission he made to the Department of Labor under section 806 of the Sarbanes-Oxley Act without any consent from his former client.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

of Civil Procedure 12(b)(1), 12(b)(6) and 12(f), Defendants move to dismiss or strike the following sections of the complaint:

*First*, Stroh's First Cause of Action, alleging violations of the whistleblower protection provisions of the Sarbanes-Oxley Act ("SOX"), should be dismissed as to defendants Nick Kaiser and Jane Carten because Stroh failed to administratively exhaust those claims, thereby depriving this Court of jurisdiction over them.

*Second*, Stroh's Second Cause of Action, alleging violations of the whistleblower protection provisions of the Dodd-Frank Act, fails to state a claim because Stroh does not qualify as a "whistleblower" under that statute, which clearly defines the term "whistleblower only as someone who reported the allegations to the Securities and Exchange Commission ("SEC").

*Third*, Stroh's Fourth Cause of Action for intentional infliction of emotional distress should be dismissed because Stroh does not allege that he suffered extreme and outrageous conduct and cannot as a matter of law allege that he actually suffered extreme emotional distress given his willingness to continue working at Saturna for a salary increase.

*Fourth*, Stroh's Sixth Cause of Action, alleging that Saturna breached promises to Stroh in its Code of Ethics, should be dismissed because the Code of Ethics created no such promises.

*Fifth*, the Court should strike all of the factual allegations that do not relate to the alleged violations of the securities laws or alleged retaliatory actions by Defendants relating to Stroh's efforts to comply with those laws, as they cannot support Stroh's claims under SOX or state law.  Stroh's inclusion of such allegations reveal more than the minimum amount of confidential information necessary to bring his claims and thus violate his ongoing duty to Saturna under RPC 1.6.

*Sixth*, all claims against Deborah Kaiser and Terence Carten should be dismissed as the Complaint does not allege either of them took any relevant actions and appears to name them

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 4
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

only in an unnecessary attempt to bind Mr. Kaiser and Ms. Carten's respective marital

communities.[6]

## II.    ARGUMENT

### A.    Stroh Failed to Exhaust His Administrative Remedies Against Kaiser and Carten and their Spouses.

SOX only permits whistleblower retaliation allegations to be filed in federal court if

plaintiff has filed a complaint with the Department of Labor and that complaint has not been

resolved within 180 days.  18 U.S.C. § 1514A(b)(1)(B).  "A federal district court does not have

jurisdiction over a SOX whistleblower claim unless the plaintiff follows these administrative

procedures." *Nieman v. Nationwide Mut. Ins. Co.*, 706 F. Supp. 2d 897, 907 (C.D. Ill. 2010);

*see also JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 705, 710 (E.D. Va. 2007) (SOX

"exhaustion requirement is jurisdictional"); *Mart v. Forest River, Inc.*, 854 F. Supp. 2d 577,

599 (N.D. Ind. 2012) (citing multiple district court cases for the same proposition).

While Stroh filed a complaint with the DOL, *see* ¶ 70-71, that complaint named only

one respondent: Saturna.  The DOL Complaint alleges that "Saturna employed discrimination,

blacklisting, and adverse changes to the terms and conditions of Mr. Stroh's employment," that

he was terminated, and that "Saturna failed to re-hire Mr. Stroh."  Neves Decl., Ex. C ("DOL

Complaint") at 7.[7]  While the DOL Complaint lists Kaiser and Carten as a "management

---

[6] References to Kaiser or Carten in this Motion refer to Nicholas Kaiser, Saturna's Chairman, and Jane Carten, Saturna's President.

[7] The Court may consider Stroh's DOL Complaint on this motion to dismiss.  First, Stroh's Complaint in this court alleged the existence of his DOL Complaint, *see* ¶¶ 70-71,  and the contents of that Complaint are not in dispute. *See* footnote 2, above.

Second, Saturna is moving to dismiss Stroh's SOX claim against Kaiser and Carten for lack of jurisdiction under Rule 12(b)(1).  Under this Rule, where a defendant makes a "factual attack" by "disput[ing] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

person" and "supervisor," respectively, and alleges they were the individual actors who were responsible for the retaliation he claims to have suffered, it does not specifically request that OSHA (the agency within DOL responsible for investigating SOX complaints) treat them as individual respondents to the DOL Complaint.

This is not sufficient to exhaust Stroh's claims against Kaiser and Carten as individuals. "While the regulations implementing SOX may provide for individual liability, [a plaintiff] still is obligated to exhaust her administrative remedies for *each claim* that she seeks to assert against *each defendant*." *Bridges v. McDonald's Corp.*, 2009 WL 5126962, at *3 (N.D. Ill. Dec. 21, 2009) (citing multiple cases for the same proposition) (emphasis added). Exhaustion requires naming each individual as a respondent to the DOL complaint: "merely mentioning an individual defendant in the body of the administrative complaint as an actor, rather than naming him (or her) in the caption of the administrative complaint, fails to afford OSHA the opportunity to resolve a plaintiff's allegations through the administrative process." *Id.*

This is not a mere formality. "OSHA is a United States administrative agency responsible for analyzing a large volume of workplace complaints. OSHA is not charged with the task of deducing from a complaint every possible respondent. To a large extent, the OSHA complainant frames the OSHA investigation by naming certain respondents." *Genberg v. Porter*, 935 F. Supp. 2d 1094, 1104 (D. Colo. 2013) *aff'd in part, appeal dismissed in part,* 566 Fed. Appx. 719 (10th Cir. 2014) (granting motion to dismiss for failure to exhaust claims against individual defendants). This is true even where a complaint "rather extensively" names individuals within the body of the complaint; unless a defendant is "listed as a 'named' respondent who is alleged to have violated" SOX, the administrative complaint cannot provide sufficient notice to either the individual or OSHA to satisfy the exhaustion requirement. *Lutzeier v. Citigroup, Inc.*, 2015 WL 1033696, at *2 (E.D. Mo. Mar. 9, 2015) (Lutzier II).

OSHA's regulations and its actions in this matter support the conclusion that Stroh's DOL Complaint failed to exhaust his claims against Kaiser and Carten. OSHA's regulations define "Respondent" as "the person named in the complaint who is alleged to have violated the

1    Act." 29 C.F.R. § 1980.101(k).  Stroh's DOL Complaint does not allege that Kaiser or Carten

2    specifically took any acts or violated any laws; rather, he claims that *Saturna* was responsible

3    for each adverse employment action that he suffered.  DOL Complaint at 7-8.  OSHA's

4    handling of its investigation confirms that it did not view Kaiser or Carten as respondents.  In

5    fact, its final Report of Investigation ("ROI") lists only one "Respondent" in this matter:

6    Saturna.  Neves Decl., Ex. D. [8]  In addition, OSHA regulations require the agency to "notify the

7    respondent" of any complaint.  29 C.F.R. § 1980.104(a).  Pursuant to this rule, OSHA notified

8    Saturna (both directly and through counsel) of Stroh's complaint.  Neves Decl., Ex. E.  OSHA

9    never provided such notification to Kaiser or Carten.  Declaration of Nicholas Kaiser at ¶ 2-3;

10   Declaration of Jane Carten at ¶ 2-3.  OSHA's  ROI and its failure to contact Kaiser or Carten

11   show that the agency did not consider them to be respondents  to Stroh's DOL Complaint.

12        "It is undisputed that [SOX] requires a plaintiff to exhaust his administrative remedies

13   before commencing an action in federal court.  It is also clear that . . . a plaintiff may not sue a

14   particular defendant in federal court . . . unless he has exhausted his administrative remedies as

15   to that defendant."  *Smith v. Corning Inc.*, 2007 WL 2120375, at *2 (W.D.N.Y. July 23, 2007).

16   Stroh did not do so with respect to Kaiser and Carten, and his SOX claim against them must be

17   dismissed under Rule 12(b)(1) for lack of jurisdiction.[9]

18        **B.    Stroh Is Not A Whistleblower Under the Dodd-Frank Act.**

19        The Dodd-Frank Act prohibits retaliation against "whistleblowers."  15 U.S.C. § 78u-

20   6(h)(1)(A).  The Act defines "whistleblower" as "any individual who provides . . . information

21   relating to a violation of the securities laws *to the [Securities and Exchange] Commission*."

22   *Id.* § 78u-6(a)(6) (emphasis added).  Congress provided that this definition of the term

23

24   [8] This Court may consider facts outside the Complaint on this motion to dismiss for lack of jurisdiction under Rule 12(b)(1), including the documents attached to the Declaration of Nara Neves as well as the Declarations of Nicholas Kaiser and Jane Carten.  *See* footnote 7, above; *Safe Air for Everyone*, 373 F.3d at 1039.

25

26   [9] Stroh's DOL Complaint does not contain any mention of Deborah Kaiser or Terence Carten.  Thus, in addition to the argument set forth in Part II.F below, Stroh's SOX claim against Ms. Kaiser and Mr. Carten must be dismissed for lack of jurisdiction as he failed to exhaust his administrative remedies as to them.

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  whistleblower "shall apply" to the entire statute, which includes the anti-retaliation subsection.

2  *Id.* at § 78u-6(a).

3      Interpreting these statutory provisions, the Fifth Circuit recently held that "the

4  whistleblower-protection provision [of Dodd-Frank] unambiguously requires individuals to

5  provide information relating to a violation of the securities laws *to the SEC* to qualify for

6  protection from retaliation." *Asadi v. G.E. Energy (USA), L.L.C*, 720 F.3d 620, 629 (5th Cir.

7  2013).  In *Asadi*, a former employee alleged that GE violated Dodd-Frank by firing him

8  following his internal reports to his supervisor concerning possible FCPA violations.  *Id.* at

9  621.  GE moved to dismiss Asadi's complaint because he had not reported the alleged

10  violations to the SEC.  *Id.* at 621, 624-26.  Finding the statute's provisions unambiguous, the

11  Court of Appeals acknowledged its duty to "give effect, if possible, to every word and every

12  provision Congress used," not "to rewrite language enacted by the legislature," and to interpret

13  provisions of the statute "in a manner that renders them compatible, not contradictory."  *Id.* at

14  622.  Applying these principles, the Fifth Circuit concluded that "[u]nder Dodd-Frank's plain

15  language and structure, there is only one category of whistleblowers: individuals who provide

16  information relating to a securities law violation to the SEC."  *Id.* at 625.  In reaching this

17  conclusion, the Court took note of the signal purpose of Section 922 of Dodd-Frank—to

18  "encourage[] individuals to provide information relating to a violation of U.S. securities laws to

19  the Securities and Exchange Commission."  *Id.* at 622-23.

20      This interpretation has been adopted by numerous district courts around the country,

21  including several in this Circuit.  The Northern District of California considered this issue in

22  *Banko v. Apple Inc.*, and determined that "[b]ecause plaintiff did not file a complaint to the

23  SEC, he is not a 'whistleblower' under the Dodd-Frank Act."  20 F. Supp. 3d 749, 757 (N.D.

24  Cal. 2013) (dismissing Dodd-Frank retaliation claim).  In analyzing the question, the court

25  reasoned that "[t]o conclude to the contrary, one would have to ignore several canons of

26  statutory interpretation," by "ignor[ing] the plain language of th[e] statute," "violat[ing] the

27  surplusage canon that every word is to be given effect" through effectively writing the

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 8
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

definitional clause out of the statute, "contradict[ing] th[e] section's title," and improperly permitting an executive agency to create ambiguity by regulation where no such ambiguity exists on the face of the statute. *Id.* at 756-57. *See also Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343 (C.D. Cal. 2015) (dismissing Dodd-Frank retaliation claim where plaintiff did not report to the SEC because "the Court trusts that when Congress explicitly defines a term in a statute, it intends that definition to govern the use of the term.").[10]

As was the case in *Asadi*, *Banko*, and *Davies*, Stroh does not allege that he reported any information to the SEC before his employment ended. *See* Complaint at ¶¶ 74-76. Thus, he too is not a Dodd-Frank "whistleblower," and his claim should be dismissed for the same reasons.

Certain other courts and the SEC have urged an alternate reading of the statute, which is flawed for several reasons. In 2011, the SEC promulgated Exchange Act Rule 21F-2, which states that, for the limited purpose of the Dodd-Frank retaliation provisions, the term "whistleblower" includes employees who report internally, notwithstanding the statutory language that limits that term to those who provide information to the SEC. 17 C.F.R. § 240.21F–2(b)(ii). In *Berman v. Neo@Ogilvy LLC*, the Second Circuit observed that applying the definition of whistleblower as drafted by Congress to the whistleblower protection section would give that portion of the Act an "extremely limited scope." 801 F.3d 145, 150-51 (2d Cir. 2015). Against that backdrop, the *Berman* court decided that "sufficient ambiguity exists in Dodd-Frank to warrant deference to the SEC's Rule." *Id.* at 154. Applying *Chevron USA Inc. v. N.R.D.C.*, 467 US 837 (1984), it determined that the SEC was the appropriate agency to resolve the ambiguity it had discovered and that Rule 21-F was a

---

[10] Other district court decisions taking the same position include *Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107, 110 (E.D. Mo. 2015) (Lutzier I), *order vacted in part on reconsideration*, 2015 WL 7306443 (E.D. Mo. Nov. 19, 2015); *Verfuerth v. Orion Energy Sys., Inc.*, 65 F. Supp. 3d 640, 646 (E.D. Wis. 2014); *Verble v. Morgan Stanley Smith Barney, LLC*, 2015 WL 8328561, at*4-10 (E.D. Tenn. Dec. 8, 2015), *appeal filed*, No. 15-6397 (6th Cir. Dec. 17, 2015); *Englehart v. Career Educ. Corp.*, 2014 WL 2619501, at *9 (M.D. Fla. May 12, 2014).

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 9
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

reasonable interpretation of the statutory language, and thus held that the plaintiff was entitled to pursue a claim under Dodd-Frank despite his failure to report to the SEC.  *Id.* at 155.[11]

This reading is not persuasive.  As the Fifth Circuit explained,

> If Congress had selected the terms "individual" or "employee," [a finding of ambiguity] would follow more naturally because the use of such broader terms would indicate that Congress intended any individual or employee—not just those individuals or employees who qualify as a "whistleblower"—to be protected from retaliatory actions by their employers. Congress, however, used the term "whistleblower" throughout subsection (h) and, therefore, [the Court] must give that language effect.

*Asadi,* 720 F.3d at 626–27.

In fact, the legislative history of the Dodd-Frank Act shows that Congress did more than simply choose a limited definition; it affirmatively rejected the broader terms.  The anti-retaliation provision in the bill originally passed by the House did not use the term "whistleblower" but instead broadly prohibited adverse employment actions against "an employee, contractor, or agent in the terms and conditions of employment."  H.R. 4173, 111th Cong. § 7203(g)(1)(A) (1st Sess. 2009).  The Senate's version replaced the phrase "employee, contractor, or agent" with the term "whistleblower," defined as "any individual . . . who provides information relating to a violation of the securities laws *to the Commission*."  H.R. 4173, 111th Cong. §§ 922(a)(6), (h)(1)(A) (pp. 983-84) (2d Sess. 2010) (emphasis added).  "Few principles of statutory construction are more compelling than the proposition that Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language."  *INS v. Cardoza-Fonseca*, 480 U.S. 421, 442-43 (1987) (citation omitted).  Reading the statute the way that the SEC and Second Circuit suggest would require this Court to conclude that the Senate's edits to the statute were intended to have no effect.

---

[11] Other district courts adopting this position include *Khazin v. TD Ameritrade Holding Corp.,* 2014 WL 940703, at *6 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d 488 (3rd Cir. 2014); *Bussing v. CorClearing LLC*, 20 F. Supp. 3d 719, 729 (D. Neb. 2014); *Connolly v. Remkes*, 2014 WL 5473144, at *6 (N.D. Cal. Oct. 28, 2014); *Somers v. Dig. Realty Tr., Inc.*, 119 F. Supp. 3d 1088, 1094-95 (N.D. Cal. 2015).

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 10
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    Nor may the mere existence of an administrative interpretation create ambiguity where

2    the plain language of a statute does not provide it.  Regardless of the merits of the policy

3    argument described above, "[w]here the statutory language is clear and unambiguous, we need

4    neither accept nor reject a particular "plausible" explanation for why Congress would have

5    written a statute." *Barnhart v. Sigmon Coal Co.*, 534 US 438, 460 (2002).  Rather, the

6    appropriate analysis is simpler: "[w]e have stated time and again that courts must presume that

7    a legislature says in a statute what it means and means in a statute what it says there. When the

8    words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is

9    complete.'" *Id.* at 461-62 (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254

10   (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981))).  Thus, "[i]n the context of

11   an unambiguous statute, we need not contemplate deferring to the agency's interpretation." *Id.*

12   at 462.  Rule 21-F cannot expand the scope of the statutory language and transform Stroh into a

13   Dodd-Frank "whistleblower" when he is not.  *See also Negrete-Ramirez v. Holder*, 741 F.3d

14   1047, 1054 (9th Cir. 2014) (declining to "alter the text [of the Immigration and Naturalization

15   Act] in order to satisfy the policy preferences of the [BIA].").

16   Although Stroh or the SEC may have preferred a more expansive statute, this Court

17   must apply the one that Congress passed.  The plain and unambiguous language of 15 U.S.C.

18   § 78u-6(a)(6) limits the Dodd-Frank Act's whistleblower protections exclusively to "any

19   individual who provides . . . information relating to a violation of the securities laws to the

20   [SEC]." *Id.* § 78u-6(a)(6).  Stroh does not allege that he did so before the alleged retaliation.

21   His Dodd-Frank cause of action thus fails to state a claim, as he is not a "whistleblower" for the

22   purposes of that Act, and it must be dismissed under Rule 12(b)(6).[12]

23

24

25

---

26   [12] Defendants are aware that a similar issue was raised by Defendant's Motion to Dismiss in *Feltoon v. MG2
     Corp.*, Case No. 2:15-02032 (RAJ) (W.D. Wash.).  That Motion is currently pending before Judge Jones.

27

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 11
DWT 29416308v2 0083307-000005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**C.    Stroh Does Not and Cannot Allege Extreme and Outrageous Conduct or Severe Emotional Distress.**

In order to state a claim for intentional infliction of emotion distress, also known as the tort of outrage, Stroh must establish the following elements: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003); *Dombrosky v. Farmers Ins. Co.*, 84 Wn. App. 245, 261, 928 P.2d 1127 (1997). Stroh's complaint fails to allege either that Defendants' conduct was "extreme and outrageous" or that he suffered "severe emotional distress" and his claim must therefore be dismissed.

Extreme and outrageous conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kloepfel*, 149 Wn.2d at 196 (internal quotation marks omitted); *Dombrosky*, 84 Wn. App. at 261. "[T]he recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!' " *Kloepfel*, 149 Wn.2d at 196 (internal quotation marks omitted). The tort does not encompass "insults, indignities, threats, annoyances, petty oppressions, or other trivialities," and a plaintiff "must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration." *Id.* (internal quotation marks omitted). Although determination of whether certain conduct reaches the requisite level of outrageousness typically raises questions of fact, the Court "may dismiss a claim if reasonable minds could not differ as to the conclusion that the alleged behavior was not sufficiently extreme." *Minvielle v. Smile Seattle Invs., LLC*, 2008 WL 4962694, at *5 (W.D. Wash. Nov. 19, 2008) (Zilly, J.) (citing *Dombrosky*, 84 Wn. App. at 261-2) (dismissing intentional infliction of emotional distress claim).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Stroh's claim rests on allegations that Defendants rejected or scornfully responded to his legal and compliance advice.  *See* ¶¶ 10, 29, 33, 36, 38, 51, 53, 55.[13]   Washington case law is clear that this type of alleged conduct, even if found to have occurred by the finder of fact, does not support an intentional infliction of emotional distress claim.

In *Strong v. Terrell*, 147 Wn. App. 376, 381, 195 P.3d 977 (2008), a former employee brought an intentional infliction of emotional distress claim, alleging that her former supervisor regularly screamed at her, sarcastically criticized her work and ridiculed her personal life over the course of two years, causing plaintiff to vomit and suffer anxiety attacks, depression, and heart palpitations.  The Court of Appeals held that this conduct was not sufficient to establish the tort of outrage.  Although it expressed sympathy for some of the allegations, the court held that the conduct, at worst, fell into the unprotected category of insults, indignities, threats, and annoyances.  *Id.* at 386.  Likewise, in *Snyder v. Medical Service Corporation of Eastern Washington*, 98 Wn. App. 315, 319, 321-22, 988 P.2d 1023 (1999), *aff'd*, 145 Wn.2d 233, 35 P.3d 1158 (2001), the Court of Appeals determined that a supervisor's conduct in insulting and threatening her employee did not support a claim for intentional infliction of emotional distress.  Similarly, summary termination of an employee by a supervisor who directed derogatory language at female employees also did not amount to extreme and outrageous conduct.  *Imeson v. Eagle View Techs., Inc.*, 2014 WL 1047165, at *6 (W.D. Wash. Mar. 14, 2014).

Even assuming Stroh's allegations to be true, Defendants' conduct is less severe than the insults, indignities and threats at issue in these cases that did not rise to the requisite level of outrageousness.  No reasonable person could conclude that any harassment or retaliation alleged by Stroh was "so outrageous in character, and so extreme in degree, as to go beyond all

---

[13] Generally, Defendants would characterize these allegations.  However, the allegations in these paragraphs contain confidential information under RPC 1.6.  The Court has access to the content of these allegations in the sealed Complaint.  In the interest of limiting the number of documents filed under seal in this matter, Defendants have omitted the content of these paragraphs from this Motion; however, to the extent that Stroh believes that more detail is required in order to respond to this Motion, Defendants do not agree that he may do so in a publicly-filed document.  *See* footnote 2, above.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

2  civilized community." *Kloepfel*, 149 Wn.2d at 196. Accordingly, Stroh has failed to state a

3  claim for the tort of outrage. *See Johnston v. M/V Dieu Si Bon*, 1996 WL 866112, at *2 (W.D.

4  Wash., Oct. 10, 1996) (granting Rule 12(b)(6) motion with respect to intentional infliction of

5  emotional distress claim based on allegations of employer mistreatment).

6  In addition to Stroh's failure to plead extreme and outrageous conduct, there are no

7  factual allegations to support a finding that Stroh actually suffered severe emotional distress.

8  The term "emotional distress" encompasses "all highly unpleasant mental reactions, such as

9  fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry,

10  and nausea." *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 871-72, 324 P.3d 763

11  (2014) (internal quotation marks omitted). There is only liability, however, when the emotional

12  distress is extreme. *Id*. at 872 (internal citations omitted). There must be more than "transient

13  and trivial emotional distress." *Id*. (internal quotations omitted). Although the Complaint

14  claims that Stroh "suffered emotional distress" as a result of Defendants' outrageous conduct,

15  (¶ 82), it does not say that his mental reaction was severe and there are no allegations to support

16  an inference that this was the case.[14] Stroh alleges no facts supporting the notion that his

17  feelings following his alleged termination resulted in severe distress with long-term impact.

18  Accordingly, the claim must also be dismissed for failure to plead actual result to Stroh of

19  severe emotional distress.

20  **D.    Stroh Fails to State a Claim for Breach of Securities Industry Ethical
         Duties.**

21

22  Stroh asserts a claim for "breach of securities industry ethical duties" on the ground that

23  Saturna's Code of Conduct, which is required under SEC Rule 204A-1, established a duty to

24  Stroh to observe industry and entity standards. ¶¶ 87-88. This claim fails because there is no

---

25  [14] In fact, Stroh's contemporaneous emails say the opposite. *See, e.g.,* Neves Decl., Ex. B at 1 ("I love my job and
    the people I work with."); 2 ("Please accept my sincerest thanks for the past eight years."); 6 ("I very much enjoy

26  my job . . . ."); 6 ("I don't need that kind of money to stay at Saturna . . . ."); 10 ("I'd like to really lay down roots
    and stay with Saturna . . . .").

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  actionable statement in Saturna's Code of Ethics (which Stroh refers to as the Code of

2  Conduct) promising specific treatment of Saturna employees in specific situations.

3      SEC Rule 204A-1 requires registered investment advisers to maintain a code of ethics

4  that governs the conduct of individuals under the adviser's supervision who make securities

5  recommendations to clients or who have access to nonpublic information regarding the

6  purchase or sale of securities or the portfolio holdings of any reportable funds ("supervised

7  persons").  17 C.F.R. § 275.204A-1(a), (e)(1).  The code of ethics must set forth a standard of

8  business conduct required of supervised persons that reflects the fiduciary obligations of the

9  advisers and its supervised persons, as well as provisions requiring supervised persons (1) to

10  comply with federal securities laws; (2) to report personal securities holdings and transactions;

11  (3) to obtain approval before acquiring beneficial ownership in any security in an initial public

12  offering or limited offering; (4) to report violations of the code of ethics; and (5) to

13  acknowledge in writing receipt of the code of ethics and any amendments.  17 C.F.R.

14  § 275.204A-1(a)-(c).

15      Pursuant to these regulations, Saturna maintains a Code of Ethics governing the

16  personal securities transactions and business activities of individuals under its control who have

17  access to information regarding security transactions by Saturna clients or who make

18  recommendations regarding such transactions.  Neves Decl., Ex. F (Saturna Capital Code of

19  Ethics).[15]  The preamble to the Code of Ethics states that "[a]ll persons must comply with

20  applicable federal and state securities laws, as well as the rules of applicable self-regulatory

21  organizations such as the Financial Industry Regulatory Authority."  *Id*.  Individuals are

22  directed to report violations of the Code of Ethics to the Chief Compliance Officer.  *Id*.  Stroh

23  claims these provisions "created an atmosphere of job security and fair treatment with promises

24  of management's appreciation of efforts to ensure compliance with  securities regulations and

25

26  [15] The Court may consider Saturna's Code of Ethics on this Motion to Dismiss because the document is referenced
    in paragraph 87 of the Complaint and its contents are not in dispute.  *See* footnote 2, above.

27

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 15
DWT 29416308v2 0083307-000005

corporate duties," and that Saturna breached these promises by taking action against him because of his efforts to comply with securities regulations.  ¶¶ 87-88.

Employment contracts that are indefinite as to duration are generally terminable at will by either the employer or employee.  *Roberts v. Atl. Richfield Co.*, 88 Wn.2d 887, 894, 568 P.2d 764 (1977).  However, written employment policies or procedures "may create an atmosphere of job security and fair treatment with promises of specific treatment in specific situations, whereby an employee is induced to remain on the job and not actively seek other employment."  *Quedado v. Boeing Co.*, 168 Wn. App. 363, 369, 276 P.3d 365 (2012).  In order to establish this type of equitable reliance claim, the employee must prove "(1) that a statement (or statements) in an employee manual or handbook or similar document amounts to a promise of specific treatment in specific situations, (2) that the employee justifiably relied on the promise, and (3) that the promise was breached."  *Id.* (quoting *Bulman v. Safeway, Inc.*, 144 Wn.2d 335, 340-41, 27 P.3d 1172 (2001)).  "[G]eneral statements of company policy" cannot sustain an equitable claim of reliance on a specific promise.  *Id.*  "Only those statements in employment manuals that constitute promises of specific treatment in specific situations are binding."  *Id.* (quoting *Stewart v. Chevron Chem. Co.*, 111 Wn.2d 609, 613, 762 P.2d 1143 (1988)).  Whether an employer has made a promise specific enough to justify equitable reliance is typically a question of fact, but "if reasonable minds cannot differ as to whether language sufficiently constitutes an offer or a promise of specific treatment in specific circumstances, as a matter of law the claimed promise cannot be part of the employment relationship."  *Id.* (quoting *Swanson v. Liquid Air Corp.*, 118 Wn.2d 512, 522, 826 P.2d 664 (1992)).

As a preliminary matter, Stroh fails to identify a statement in Saturna's Code of Ethics that amounts to a commitment of specific treatment in specific situations.  This is not surprising, however, as the Code makes no promises to Stroh or other employees of specific treatment in situations where they report potential violations of securities regulations on the part of the company.  *See* Neves Decl., Ex. F (Saturna Capital Code of Ethics).  The Code of Ethic's reporting requirement is limited to violations of the Code itself, which overwhelmingly

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 16
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

concerns the private investment activities of individuals with knowledge of the securities transactions of Saturna's clients.  *See id.* at p. 12.  Stroh does not allege that he reported potential violations of the Code of Ethics.  Further, to the extent the Code's reporting requirement extends beyond the private investment and business activities of Saturna employees to violations of federal or state securities laws, the Code still makes no promises of specific treatment to the individuals making the report.  *See Quedado*, 168 Wn. App. at 370 (employer Code of Conduct that made no specific promises as to how employees would be treated in specific circumstances did not provide basis for equitable reliance claim).  Absent any promises of specific treatment to Stroh under the circumstances alleged, his claim necessarily fails as a matter of law.

### E.       Stroh's Irrelevant and Inflammatory Accusations Should Be Stricken From the Complaint.

Defendants move to strike paragraphs 13-15, 18-24 and 36-39 of the Complaint on the ground that they violate Stroh's duty of confidentiality to Saturna as its former counsel under the Washington Rules of Professional Conduct ("RPC").  *See* RPC 1.6 Cmt. 18 ("The duty of confidentiality continues after the client-lawyer relationship has terminated.").  The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Allegations are immaterial where they have "no essential or important relationship to the claim for relief or the defenses being pleaded."  *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665 (W.D. Wash. 2009) (internal quotation marks omitted).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.* (internal quotation marks omitted).  Although motions to strike are generally disfavored, and the pleading is viewed in the light most favorable to the pleading party, motions to strike are warranted where the challenged pleading "has no logical connection to the controversy at issue and may prejudice one or more parties."  *Johnson v. U.S. Bancorp*, 2012 WL 6615507, at *7 (W.D. Wash. Dec. 18, 2002).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    This case presents the rare circumstance in which striking matter from Stroh's

2    complaint is justified because Saturna has been and will continue to be prejudiced by Stroh's

3    failure to comply with his ongoing ethical obligations as former counsel for Saturna and his

4    corresponding breach of fiduciary duty to it.[16]  *See Coudriet v. Int'l Longshore and Warehouse*

5    *Union Local 23*, 2008 WL 2262322 (W.D. Wash. May 29, 2008) (granting motion to strike

6    allegations concerning privileged attorney-client communications that were highly prejudicial

7    to defendant).  RPC 1.6(a) states that "[a] lawyer shall not reveal information relating to the

8    representation of a client unless the client gives informed consent, the disclosure is impliedly

9    authorized in order to carry out the representation or the disclosure is permitted" under an

10   exception to this rule.  Stroh admits that the overwhelming majority of his allegations relate to

11   his representation of the Saturna entities, *see* Complaint ¶ 8, and Saturna has not consented to

12   this disclosure.  Nevertheless, Stroh contends that his claims do not violate RPC 1.6(a) given

13   the exception set forth in RPC 1.6(b)(5), which allows the lawyer, to the extent he reasonably

14   believes necessary, to "reveal information relating to the representation of a client to establish a

15   claim or defense on behalf of the lawyer in a controversy between the lawyer and client."

16   However, the comments to this rule are clear that "a disclosure adverse to the client's interest

17   should be no greater than the lawyer reasonably believes necessary to accomplish the purpose."

18   RPC 1.6, Cmt. 14.  Further, the exceptions to the general rule of confidentiality "should not be

19   carelessly invoked."  RPC 1.6, Cmt. 24 (quoting *In re Boelter*, 139 Wn. 2d 81, 91, 985 P.2d

20   328 (1999)).

21       In this case, Stroh's claims depend upon his establishing that  Defendants retaliated

22   against him as a result of Stroh's efforts to comply with securities regulations.  Stroh's SOX

23

24   [16] The Rules of Professional Conduct may support a finding of breach of fiduciary duty claim under Washington
     law.  *See Rafel Law Group PLLC v. Defoor*, 176 Wn. App. 210, 226, 308 P.3d 767 (2013) ("Violation of the Rules
25   of Professional Conduct may not be used as evidence of legal malpractices … A trial court can, however, consider
     the RPCs when determining whether an attorney breached his or her fiduciary duty to a client"); *see also Kidwell
26   v. Sybaritic, Inc.*, 784 N.W.2d 220, 232-33 (Minn. 2010) (Magnuson, J. concurring) (in-house counsel breached
     fiduciary duty in overextending narrow exception to duty of confidentiality under Rules of Professional Conduct).

27

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 18
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

claim requires him to prove that he was retaliated against as a result of "protected activity," which is defined as reporting violations of the securities laws. *See* Complaint ¶¶ 67-68. Similarly, his wrongful discharge claim requires a finding that Defendant's actions violated public policy and Stroh's Complaint identifies only one such public policy that he claims was violated: "adher[ing] to federal and Washington state securities laws." *Id.* ¶ 78. The allegations contained in paragraphs 13-15, 18-24, and 36-39 of the Complaint are impertinent and immaterial because they do not pertain to alleged securities violations or retaliatory actions against Stroh as a result of his reports of those purported violations, and thus bear no essential relationship to Stroh's claims. *Campagnolo*, 258 F.R.D. at 665. They are also scandalous in overstepping the bounds of RPC 1.6 because they characterize confidential information that is not reasonably necessary to support Stroh's claims. Although Stroh has filed the Complaint under seal, he still must "make every effort practicable to avoid unnecessary disclosure of information" relating to his representation of Saturna. RPC 1.6, Cmt. 23. At the very least, that must include omitting matter that is not necessary to support his claims. For the foregoing reasons, Defendants request that paragraphs 13-15, 18-24, and 36-39 be stricken from the Complaint.

### F. Deborah Kaiser and Terence Carten Should Be Dismissed As Defendants.

The Complaint names Deborah Kaiser and Terence[17] Carten as Defendants in their spousal capacity, and asserts each cause of action against them. ¶¶ 65-88 (causes of action made "Against All Defendants"). However, neither Ms. Kaiser nor Mr. Carten can be found in any of the Complaint's factual allegations. Although Ms. Kaiser and Mr. Carten are individually named, it appears that they are included not in an attempt to find them personally liable, but in an effort to bind Mr. Kaiser and Ms. Carten's respective marital communities. This is unnecessary and serves no legitimate purpose. The court should permit Ms. Kaiser and Mr. Carten to remove their names from this litigation.

---

[17] The caption misspells Mr. Carten's first name; this Motion will use the correct spelling.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    Under analogous California law,

2    > where a non-debtor spouse is named solely as a community
     > representative, in order to bind the community for acts committed
3    > by the debtor spouse during the marriage, and not in an effort to
     > reach the non-debtor spouse's separate property, the non-debtor
4    > spouse may opt not to participate in the litigation, and will be
     > dismissed as essentially a nominal defendant upon the non-debtor
5    > spouses' request.

6    *Reynolds & Reynolds Co. v. Universal Forms, Labels & Sys., Inc.*, 965 F. Supp. 1392, 1397

7    (C.D. Cal. 1997).  This principle is based on the fact that in a community property state, the

8    community estate is liable for debts "regardless of whether one or both spouses are parties . . .

9    to a judgment."  California Family Code § 910.  Because the non-debtor spouse "has no

10   personal liability [and] that spouse's separate property cannot be reached . . . there appears to

11   be no legitimate advantage to plaintiff in forcing the unwilling spouse to participate in the

12   litigation."  *Reynolds*, 965 F. Supp. at 1397; *see also 11601 Wilshire Assocs. v. Grebow,* 64

13   Cal. App. 4th 453, 457, 74 Cal. Rptr. 2d 912 (1998) (same); *Santa Fe Pointe, LP v. Greystone*

14   *Servicing Corp., Inc.*, 2009 WL 32525, at *1 (N.D. Cal. Jan. 5, 2009) (same).

15       Washington law contains the same principles, and the result should be the same here.

16   Like California, Washington is a community property state.  RCW 26.16.030.  Like California,

17   in Washington it is not necessary to sue both spouses in order to obtain a recovery against that

18   community estate: "If the spouses or the domestic partners are sued together, either or both

19   spouses or either or both domestic partners may defend."  RCW 4.08.040.  And like California,

20   community debts may not be enforced against a spouse's separate property solely because of

21   the fact of a marriage.  RCW 26.16.190.  Therefore, because Stroh has no independent claim

22   against Ms. Kaiser or Mr. Carten and because they are not needed to defend the suit against

23   their spouses, all claims against them should be dismissed.

24                          **III.    CONCLUSION**

25       For all of the reasons set forth above, Stroh's SOX claim against Kaiser and Carten (and

26   their spouses) should be dismissed for lack of jurisdiction under Rule 12(b)(1); his Dodd-Frank,

27   Emotional Distress, and Ethical Duties claims should be dismissed under Rule 12(b)(6); all

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  claims against Deborah Kaiser and Terence Carten should be dismissed under Rule 12(b)(6);

2  and paragraphs 13-15, 18-24 and 36-39 should be stricken from the Complaint under Rule

3  12(f).

4

5          DATED this 26th day of April, 2016.

6                                                    Davis Wright Tremaine LLP
                                                     Attorneys for Defendants
7

8

9                                          By /s/ Jeffrey B. Coopersmith
                                               Jeffrey B. Coopersmith, WSBA #30954
10                                             Samantha Funk, WSBA #43341
                                               Max Hensley, WSBA #47030
11                                             1201 Third Avenue, Suite 2200
                                               Seattle, WA  98101-3045
12                                             Telephone: (206) 622-3150
                                               Fax: (206) 757-7700
13                                             E-mail: jeffcoopersmith@dwt.com
                                                       samanthafunk@dwt.com
14                                                     maxhensley@dwt.com

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO DISMISS AND STRIKE (2:16-cv-00283) - 21
DWT 29416308v2 0083307-000005

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**PROOF OF SERVICE**

2        I hereby certify that on April 26, 2016, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   following:

5   Christopher Brian Wells     wellsc@lanepowell.com, docketing-sea@lanepowell.com,
    gabua@lanepowell.com
6

7        and I hereby certify that a copy was mailed by United States Postal Service to the following

    non-CM/ECF participants.
8

9        N/A

10       DATED this 26th day of April, 2016.

11                                       /s/ Jeffrey B. Coopersmith
                                         Jeffrey B. Coopersmith
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax