The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON SCOTT STROH,<br><br>    Plaintiff,<br><br>        v.<br><br>SATURNA CAPITAL CORPORATION; NICHOLAS KAISER and DEBORAH KAISER, husband and wife; and JANE CARTEN and TERRANCE CARTEN, wife and husband,<br><br>    Defendants. | No. 2:16-cv-00283<br><br>UNOPPOSED MOTION BY SECURITIES AND EXCHANGE COMMISSION FOR LEAVE TO FILE AMICUS BRIEF<br><br>Noted for hearing:<br>May 27, 2016 |

1    The Securities and Exchange Commission ("Commission") moves the Court for

2    an order permitting it to file an *amicus curiae* brief in support of plaintiff Stroh.[1]

---

[1] The federal government may file an *amicus* brief without consent of the parties or leave of the court on appeal (Fed. R. App. Proc. 29(a)). There is no corresponding provision for filing as *amicus* in the district court, but this Court has previously permitted *amicus* participation by non-parties where appropriate. *See, e.g., Butler v. NCAA*, 1996 WL 1058233 (W.D. Wash. Nov. 8, 1996) (noting that United States had been granted leave to file amicus brief in opposition to motion to dismiss).

The brief, a copy of which is attached, addresses an important question concerning the proper interpretation of Section 21F(h)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-6. The SEC has consulted with counsel for each party, and neither party opposes this motion.

In their motion to dismiss, defendants contend that Stroh's Section 21F(h)(1) whistleblower employment retaliation claim fails as a matter of law because, in defendants' view, the provision protects *only* individuals who have reported a potential securities law violation directly to the SEC prior to the alleged retaliation. *See* Consolidated Motion to Dismiss Claims and Strike Allegations (Dkt. No. 8) at 7-12.[2] As explained below, the Commission, through notice-and-comment rulemaking and an interpretative release, has adopted a broader reading of the scope of Section 21F(h)(1)'s protections.

## I.    BACKGROUND

Section 21F, which was added by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), provides a number of measures to encourage individuals to step forward to disclose potential securities law violations. In particular, Section 21F authorizes the Commission to pay monetary awards to individuals who voluntarily provide information that leads

---

[2] The Commission does not take a position on any other issues that may be presented in the motion to dismiss or in this action. The motion to file as *amicus* is limited to the issue of whether an employee is required to make a report to the Commission prior to the alleged retaliation in order to pursue a claim under Section 21F(h)(1) and the regulations thereunder.

to a successful enforcement action, and prohibits employers from retaliating against individuals in the terms and conditions of their employment when the individuals engage in certain specified whistleblowing activities (collectively referred to as the "whistleblower program").

When the Commission issued its rules under Section 21F to implement the whistleblower program, it included a rule clarifying that the employment retaliation protections apply whenever an employee engages in any of the whistleblowing activities specified in Section 21F(h)(1)—including making a report of a potential securities law violation to a supervisor or compliance official at a public company—*irrespective of whether the employee separately reports the information directly to the Commission.* See 17 C.F.R. § 240.21F-2(b)(1). The Commission issued the clarifying rule to address a statutory ambiguity that exists as a result of considerable tension within the text of Section 21F.

Since the Commission issued its rule, a majority of the federal district courts and the Second Circuit Court of Appeals (*Berman v. Neo@Ogilvy LLC*, 801 F.3d 145 (2d Cir. Sept. 10, 2015)) have agreed with the Commission that the statutory language is ambiguous, and have deferred to the Commission's interpretation.[3]

---

[3] *See, e.g.*, *Wadler v. Bio-Rad Laboratories, Inc.*, 2015 WL 6438670, *12-17 (N.D. Cal. Oct. 23, 2105); *Somers v. Digital Realty Trust, Inc.*, 2015 WL 2354807, at *3-13 (N.D. Cal. May 15, 2015), *interlocutory appeal certified*, 2015 WL 4481987 (N.D. Cal. July 22, 2015), *and docketed*, No. 15-80136 (9th Cir. July 31, 2015); *Nollner v. S. Baptist Convention, Inc.*, 852 F.Supp.2d 986, 993-95 (M.D. Tenn. 2012); *Bussing v. COR Clearing, LLC*, 20 F.Supp.3d 719, 728-35 (D. Neb. 2014); *Rosenblum v.*

Mot. Leave to File Amicus Brief  
Case No. 2:16-cv-00283  
Page 3

U.S. SEC  
100 F Street NE  
Washington, DC  20549-9613  
(202) 551-5163

## II. ARGUMENT

The Commission has a strong programmatic interest in demonstrating that its reasonable interpretation of Section 21F(h)'s ambiguous statutory language was a valid exercise of its broad rulemaking authority.  This interest arises for two related reasons.  *First*, the rule helps protect individuals who choose to report potential violations internally in the first instance (*i.e.*, before reporting to the Commission), and thus is an important component of the overall design of the Commission's whistleblower program.  *Second*, if the rule were invalidated, the Commission's authority to pursue enforcement actions against employers that retaliate against individuals who report internally would be substantially weakened.

The Commission respectfully submits that, as the primary federal securities regulator and the agency charged with administering the Congressionally mandated whistleblower program, its explanation of the regulatory background

---

*Thomson Reuters (Markets) LLC*, 984 F.Supp.2d 141, 146-48 (S.D.N.Y. Oct. 25, 2013); *Ellington v. Giacoumakis*, 977 F.Supp.2d 42, 44-46 (D. Mass. 2013); *Genberg v. Porter*, 935 F.Supp.2d 1094, 1106-07 (D. Colo. 2013), *appeal dismissed in relevant part*, 566 Fed. App'x 719 (10th Cir. 2014); *Yang v. Navigators Group, Inc.*, 18 F.Supp.3d 519, 531-34 (S.D.N.Y. 2014); *Kramer v. Trans-Lux Corp.*, 2012 WL 4444820, at *3-5 (D. Conn. Sept. 25, 2012); *Connolly v. Remkes*, 2014 WL 5473144, at *4-6 (N.D. Cal. Oct. 28, 2014); *Khazin v. TD Ameritrade Holding Corp.*, 2014 WL 940703, at *3-6 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d 488 (3rd Cir. 2014); *Murray v. UBS Sec., LLC*, 2013 WL 2190084, at *2-7 (S.D.N.Y. May 21, 2013); *Egan v. TradingScreen, Inc.*, 2011 WL 1672066, at *3-5 (S.D.N.Y. May 4, 2011); *Peters v. Lifelock Inc.*, Case No. 14cv00576 (D. Ariz. Sept. 19, 2014), DE 47, at 6-13.

and its analysis of the statutory text will aid the Court in ruling on the defendants' Motion to Dismiss. Among other things, the brief explains: (i) the importance of internal reporting as a means for deterring, detecting, and stopping unlawful conduct that may harm investors; (ii) the context and purposes for which Section 21F was enacted; and (iii) the Commission's reasonable exercise of its authority to issue rules and regulations implementing Section 21F(h) to resolve a statutory ambiguity inherent in that section.

### III. REQUEST TO WAIVE FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE REGARDING FORMAT AND LENGTH OF FILINGS

The *amicus* brief the Commission proposes to file was initially filed with the Sixth Circuit on February 4, 2016 in *Verble v. Morgan Stanley Smith Barney LLC*, No. 15-6397, and conforms to that court's length, spacing, typeface, and other rules.[4]  The SEC intends to make the identical legal arguments here as were made in the attached brief.  Therefore, to the extent the brief does not conform to this Court's requirements, the SEC respectfully requests that the Court exercise its authority to waive these requirements and permit the brief to be filed in the identical format as attached to this motion.  The SEC also asks that, if the Court does not grant this request, it be granted leave to revise the brief to conform to this Court's rules.

---

[4] The Commission was given permission to file a brief that exceeded the standard length of an appellate *amicus* brief. As filed, the brief has 8,745 words excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Mot. Leave to File Amicus Brief  
Case No. 2:16-cv-00283  

Page 5

U.S. SEC  
100 F Street NE  
Washington, DC 20549-9613  
(202) 551-5163

## IV.   CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court:

(1)  permit the Commission to file an *amicus curiae* brief in support of the plaintiff;

(2) waive the rules regarding format and length of filings; and (3) accept the

attached brief for filing.

May 20, 2016               */s/ Thomas J. Karr*
                            THOMAS J. KARR
                            Assistant General Counsel
                            DC Bar # 426340

                            Securities and Exchange Commission
                            100 F Street NE
                            Washington, DC  20549-9612
                            Tel: (202) 551-5163
                            karrt@sec.gov

                               *Counsel for Movant SEC*

**CERTIFICATE OF SERVICE**

I certify that all parties (through counsel) are registered for electronic filing. I electronically filed the foregoing Unopposed Motion by the Securities and Exchange Commission for Leave to File Amicus Brief and associated documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

May 20, 2016                                                  *s/ Thomas J. Karr*
                                                              Thomas J. Karr
                                                              Assistant General Counsel
                                                              DC Bar # 426340

                                                              Securities and Exchange Commission
                                                              100 F Street NE
                                                              Washington, DC  20549-9612
                                                              Tel: (202) 551-5163
                                                              karrt@sec.gov

                                                              *Counsel for Movant SEC*