UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GORDON SCOTT STROH,

        Plaintiff,

   v.

SATURNA CAPITAL CORPORATION, et al.,

        Defendants.

C16-283 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Having reviewed defendants' response, docket no. 117, to the Minute Order entered May 2, 2017, docket no. 114, requiring the parties to show cause why the exhibits to the Declaration of Christopher B. Wells ("Wells Declaration") filed on April 21, 2017, should not be unsealed, the Court is persuaded that compelling reasons exist for sealing several of the exhibits at issue. The exhibits, however, were filed in unidentified groups, and the exhibits that should remain under seal cannot now be segregated from those that can be unsealed. Thus, the Court DIRECTS that all exhibits to the Wells Declaration, docket nos. 107-1 & 108, shall remain under seal.

(2) The deferred portion of plaintiff's motion to seal, docket no. 104, which plaintiff does not support, *see* docket no. 116, is STRICKEN as moot. The Court is troubled by plaintiff's counsel's failure to exercise the requisite care in filing documents marked "confidential" and subject to the Stipulated Protective Order, docket no. 43, in this matter. Fortunately, because plaintiff's counsel inadvertently sealed the "wrong" set of documents, only two exhibits attached to the Wells Declaration, which defendants contend should have been filed under seal, were temporarily[1] available for public view,

---

[1] As indicated in the Minute Order entered May 2, 2017, docket no. 114, the public access might actually be permanent because the exhibits appear to have been uploaded to private websites unrelated to and outside the control of the Court.

MINUTE ORDER - 1

namely Exhibits I and O. Consistent with Local Civil Rule 5(g), the Court expects counsel to confer before filing documents that have been designated "confidential" and/or filing materials under seal, and the Court has a strong preference for the parties to file a stipulated motion or a stipulation and proposed order concerning the sealing of briefs and/or supporting papers so that, contemporaneously with the filing of such items under seal, the Court hears from a party having an interest in maintaining their confidentiality. To the extent the parties cannot stipulate about the sealing of matters filed with the Court, the party objecting to sealing has a duty to exercise the utmost care to ensure that it does not improperly make "confidential" materials available for public view before the Court has an opportunity to rule on whether the documents should remain under seal.[2] The Court is not satisfied that plaintiff's counsel intended to or did carry out such duty. Plaintiff's counsel shall be prepared to address at the status conference set for May 19, 2017, whether and to what extent the Court should assess against him and/or his client the amount of reasonable attorney's fees and costs incurred by defendants in responding to the Minute Order entered May 2, 2017, docket no. 114.

(3) In addition to the trial scheduling issues about which counsel have already been alerted, counsel shall be prepared to address at the upcoming status conference how "confidential" material should be handled with respect to future filings and during trial.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of May, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[2] Moreover, when the parties dispute whether briefs and/or supporting papers should be maintained under seal, they should endeavor to file each such document separately so that the Court can later seal or unseal the individual item or items as appropriate.

MINUTE ORDER - 2