UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GORDON SCOTT STROH,

        Plaintiff,

v.

SATURNA CAPITAL CORPORATION, et al.,

        Defendants.

C16-283 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion in limine, docket no. 125, is DENIED in part and DEFERRED in part as follows:

    A. Motion to modify the protective order is DEFERRED to trial;

    B. Motion to exclude the expert report and testimony of Sara Andres is DENIED; the scope of testimony that will be allowed is DEFERRED to trial;

    C. Motion to exclude letters issued to Saturna Capital Corporation in 2016 by the Securities and Exchange Commission and any reference to them is DENIED; whether the letters and any responses thereto are admissible evidence is DEFERRED to trial;

    D. Motion to exclude documents not timely produced is DENIED; the admissibility of the documents at issue is DEFERRED to trial, but the Court will not admit into evidence a compact disc or other storage media containing all 544 pornographic images at issue;

    E. Motion to exclude evidence relating to the after-acquired evidence defense is DENIED as to the alleged discovery violations; the scope of after-acquired evidence that will be admitted at trial is DEFERRED.

MINUTE ORDER - 1

(2) Defendants' motion in limine, docket no. 122, is GRANTED in part, DENIED in part, STRICKEN in part, and DEFERRED in part as follows:

    A.    Motion to limit plaintiff's evidence is DEFERRED to trial;

    B.    Motion to exclude allegations relating to terrorism and criminal activity is DENIED; the scope and admissibility of such evidence is DEFERRED to trial;

    C.    Motion to exclude purported violations unconnected to any allegation of retaliation is DENIED; plaintiff will generally be permitted to present his case, but the exact scope of such evidence is DEFERRED to trial;

    D.    Motion to exclude instances of alleged retaliation not disclosed in discovery is DENIED; plaintiff will generally be permitted to present his case, but the exact scope of such evidence is DEFERRED to trial;

    E.    Motion to exclude evidence of Jim Winship's and/or Tom Phillips's experiences and departures from Saturna Capital Corporation is GRANTED in part with respect to the reasons for their departures, and DENIED in part as to how they interacted with defendants;

    F.    Motion to require that evidence be presented in accord with the attorney-client privilege, Washington Rule of Professional Conduct 1.6, and Federal Rule of Evidence 502 is DEFERRED to trial;

    G.    Motion to exclude testimony of Mary Curran is DEFERRED until after plaintiff testifies, but the Court is inclined to grant this motion; plaintiff shall file an offer of proof, under seal, with no exhibits, by June 14, 2017; pursuant to defendants' concession, if Curran does not testify, then Andres will not be called as a witness;

    H.    Motion to exclude evidence of emotional distress or other non-economic damages is STRICKEN as moot in light of plaintiff's voluntary dismissal of any claim for emotional distress damages, as reflected in the parties' stipulation filed on May 24, 2017, docket no. 131.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of June, 2017.

                                            William M. McCool
                                            Clerk

                                            s/Karen Dews
                                            Deputy Clerk