UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| GORDON SCOTT STROH, | ) | |
| | ) | Appeal No. 17-35607 |
| Plaintiff, | ) | No. 2:16-CV-00283-TSZ |
| | ) | |
| | ) | |
| vs. | ) | Seattle, WA |
| | ) | |
| SATURNA CAPITAL | ) | |
| CORPORATION, NICK KAISER and | ) | |
| JANE CARTEN, | ) | |
| | ) | Jury Trial, Day 8 |
| Defendants. | ) | June 27, 2017 |

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE THOMAS S. ZILLY
UNITED STATES DISTRICT COURT

APPEARANCES:

FOR THE PLAINTIFF: CHRISTOPHER BRIAN WELLS
Lane Powell PC
1420 Fifth Avenue Suite 4200
Seattle, WA 98101
wellsc@lanepowell.com

CLAIRE LOEBS DAVIS
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101-2338
davisc@lanepowell.com

FOR THE DEFENDANTS: JEFFREY B. COOPERSMITH
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA 98101
jeffcoopersmith@dwt.com

BRENDAN THOMAS MANGAN
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
brendanmangan@dwt.com

RACHEL H. HERD
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
rachelherd@dwt.com

MAX BAMBERGER HENSLEY
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
maxhensley@dwt.com

Andrea Ramirez, CRR, RPR
Official Court Reporter
United States District Court
Western District of Washington
700 Stewart Street, Suite 17205
Seattle, WA 98101
andrea_ramirez@wawd.uscourts.gov

Reported by stenotype, transcribed by computer

THE COURT: We have a question from the jury with regard to Instruction Number 11. And I have provided counsel, just now, with a copy of the question and a copy of the proposed response that I think is appropriate to give in connection with this answer.

So take a moment, review the proposed answer, and tell me whether you have any objection to it.

MR. WELLS: Your Honor, no objection to the question. The -- how the Court answers it might be a different matter.

THE COURT: Well, you don't get to object to the question, because the question is the question.

MR. WELLS: Right.

THE COURT: How do we answer it? What's your -- what don't you like about my proposed answer?

MR. WELLS: Oh, I didn't see that. Sorry, Your Honor. I didn't see the next page.

The answer is fine, Your Honor.

MR. COOPERSMITH: Your Honor, I just have a clarification point.

On the question, the way I'm reading what's written here is, "Is 'providing information' meaning providing information at a work meeting," and then it says, "as is part of his job?" It seems like it's nongrammatical, so I'm just having trouble understanding. I assume it means what the Court thinks it means, based on the answer, but I just don't understand the

grammar, is what I'm trying to clarify.

THE COURT: Well, it is what it is.

MR. COOPERSMITH: It is what it is, yeah.

THE COURT: I mean, I think it would be -- I mean, I think the information has to -- I had originally drafted an answer that just said, "Providing information to Saturna," but I think it needs to be "Saturna's management."

But beyond that, you know, if it's a work meeting, depends a little bit on who's there, and we get into all sorts of nuances, which I don't think we should try and address.

MR. COOPERSMITH: That's fair, Your Honor.

What I'd prefer -- one suggested alteration to the Court's answer -- for it to say, "Regarding your question about Instruction Number 11, for conduct to constitute protected activity, you are instructed," and then it can go on as it reads.

THE COURT: Just a moment.

Well, I think we -- the problem is that protected activity is the first element. And we have a separate instruction, 11A, that deals with protected activity. I'm kind of inclined to leave it the way I've drafted it.

MR. WELLS: Your Honor, on closer inspection, looking at the last three words on Line 6, it states, "to have a SOX Act claim," but based on the rulings in this case, it seems that should read, "to have a SOX or Dodd-Frank Act claim."

THE COURT: Well, Instruction 11 only relates to the SOX Act.

MR. WELLS: Oh, I'm sorry. But they may get to Number 12 and have the same question.

THE COURT: Well, you're right. Perhaps we ought to cut them off at the pass and include Dodd-Frank.

But the problem is, the question is captioned "Instruction 11," and it relates to specifically Lines 7 to 9 of Instruction 11, and I think we should focus the answer on that.

Mr. Coopersmith, tell me again what you would be proposing to add to my proposed answer?

MR. COOPERSMITH: Okay. Well, yes, Your Honor.

So the difficulty I'm having is that the Court's answer adds this issue of SEC rule or regulation. And the question only says -- and this is slightly different from what I just said, but I'm digesting all of this as I'm standing here. The question only relates to "providing information in a work meeting, as is part of his job," as opposed to providing information to an outside source. And the answer, or the proposed answer, goes through SEC rule or regulation.

So I think it should say, "Regarding your question about Instruction Number 11" -- and put aside protected activity for a moment -- but it should get across the -- it should say that, "Providing information at a work meeting would be within the

scope of protected activity, if all other elements are met," or something like that.

THE COURT: Well, the reason I picked up the language "any conduct that he reasonably believed," if you look at Instruction 11, on Line 8, that's the -- I just repeated that same language after -- it says, "by employee to provide information." And then the information is qualified by the language, quote, "regarding any conduct that the employee reasonably believed." And I've just imported that same language here to qualify the information that they're asking about.

All right. I'm rather inclined to go with the answer that I have here. If you wish to make a formal exception, go ahead.

Mr. Wells?

MR. WELLS: No, Your Honor.

MR. COOPERSMITH: Yes, Your Honor. I guess I'll make two exceptions for the record, just so our position is clear.

One is that we had submitted -- it might be in Docket Number 170 -- a proposed instruction that a person in a position of Mr. Stroh has to do more than simply do his job. He has to sort of step outside of his normal role of giving advice, day in and day out, to Saturna management. And I know the Court didn't go with that instruction, I know we can't change that now, but I just wanted to make sure that was clear for the record, that I'm not waiving that position.

The second thing, Your Honor, just for the record, is that -- and there's nothing the Court can do about this, but I have to say it -- is that the Supreme Court has just accepted certiorari in the case involving whether --

THE COURT: Mr. Coopersmith, we can talk about what the Supreme Court does another day. We have to answer this question.

Do you have an objection to my answer?

MR. COOPERSMITH: Based on the two things I just said, Your Honor, yes. But more practically, for purposes of today, I think that it should be -- the answer should make clear what element we're talking about here. And it would only go to, at most, you know, one of the elements, which is that he engaged in activity protected by the SOX Act, which is element Number 1. And I'm a little concerned that the answer tells the jury, and they may read into the answer, more than just going to Element Number 1 of Instruction Number 11.

THE COURT: All right. I'm going to put a period after Line 5, "an outside source," and not qualify it or say "in order to have a SOX Act claim." I think we've -- that answers their question.

I'm going to bring them out and read them what I've got here, and then I'm going to sign it, and file it, and send them a written copy, let them get back to work.

Let's bring them out.

THE CLERK: Bring them out, Your Honor?

THE COURT: Yes.

THE CLERK: Thank you.

(Jury enters the courtroom)

THE COURT: Ladies and gentlemen of the jury, you have sent me a question regarding Instruction Number 11. I'm going to read you my answer. In five minutes or so, you'll see -- or you'll be given a copy of what I'm going to say now.

Your question, essentially: Is providing information meaning information at a work meeting, or as a part of his job, or providing information to an outside source? That's the context of the question. You'll get the question back, as well.

Regarding your question about Instruction Number 11, you are instructed that Stroh needed to provide information regarding any conduct that he reasonably believed constituted a violation of an SEC rule or regulation only to Saturna's management. It was not necessary for information to be provided to an outside source.

That's the -- concludes my response to your question. As I say, you'll get a written copy of what I've just told you, with respect to the answer, in a few minutes.

Please return to the jury room, and resume your deliberations. Thank you.

(Jury exits the courtroom)

THE COURT: What we'll do is we -- off the record.

(Recess)

THE COURT: Don't even sit down, ladies and gentlemen.

It's 4:00. It's time for you to go home. You're instructed not to talk about the case, once you leave here. Please have a pleasant evening, and be back in the jury room prior to 9:00. As soon as you're all present, you can resume the deliberations.

Tomorrow will be somewhat like today. We'll ask you to deliberate until you reach a verdict. And we'll have lunch menus for you at the beginning of the day.

Have a pleasant evening, folks. You're excused now until 9:00 in the morning.

And if you get here before 9:00, you can start, as long as you're altogether. Good night.

(Adjourned)

(End of requested transcript)

* * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above matter.

Date: 6/27/17 Andrea Ramirez

____________________________

Signature of Court Reporter