**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GORDON SCOTT STROH, | No.  17-35607 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00283-TSZ |
| v. | MEMORANDUM* |
| SATURNA CAPITAL CORPORATION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted December 3, 2018
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Gordon Stroh appeals the exclusion of certain evidence from his trial. The jury unanimously concluded his termination from Saturna Capital was not retaliatory under the Sarbanes Oxley Act, 18 U.S.C. § 1514A. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidentiary rulings. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

The district court excluded evidence related to the Saturna Capital Chairman's directive that certain employees install a backup computer system on his yacht and withhold certain information from the FBI if questioned. The district court based exclusion on its finding that the system was never installed and that the FBI never questioned the employees. Yet, Sarbanes Oxley protects whistleblowing regardless of whether the reported securities violation actually occurred. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009) (holding that a covered whistleblower need only demonstrate a reasonable belief that the "conduct being reported violated a listed law"). Although it was an abuse of discretion to exclude this evidence, the exclusion was harmless. In light of the totality of evidence presented at trial, it is highly unlikely that the admission of this evidence and any accompanying instruction would have changed the verdict. *See Harper*, 533 F.3d at 1030 (holding that "[a] new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party" (quoting *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995))). There was overwhelming evidence that Stroh's reporting of this incident was not a "contributing factor" in his termination: (i) Stroh received an $80,000 bonus *after* the incident; (ii) Stroh threatened to quit unless he received a thirty percent raise,

and never mentioned any concerns about this incident or the firm's regulatory compliance before leaving; and (iii) Stroh encouraged other members of the legal department to quit to increase his bargaining leverage. *See Van Asdale*, 577 F.3d at 996.

The district court also excluded an internal compliance report written by Stroh in 2006 and evidence related to Saturna Capital's dealings with two entities purportedly linked to terrorist financing. The district court did not abuse its discretion with respect to its exclusion of the 2006 report because the report presented a risk of prejudice that clearly outweighed any probative value, which was minimal in light of the significant passage of time between the incidents involving the report and Stroh's termination in 2014. *See* Fed. R. Evid. 403. As to the terrorist financing evidence, the district court concluded that the lack of proven ties to terrorist financing rendered this evidence irrelevant. This rationale once again runs afoul of *Van Asdale*. *See* 577 F.3d at 1000. However, the district court offered an alternative ground for exclusion under its interpretation of *Lawson v. FMR LLC*, 571 U.S. 429 (2014). Stroh's opening brief did not address this issue and did not argue that the district court erred based on the alternate holding. "We have . . . held that the failure of a party in its opening brief to challenge an alternate ground for a district court's ruling given by the district court waives that challenge." *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010)

3

4

(emphasis omitted) (citing *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); and *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987)).  Thus, Stroh has waived his challenge to this alternate ground for exclusion, and "the district court's disposition of [that issue] neither will be reviewed nor disturbed by this court."  *MacKay*, 827 F.2d at 542 n.2.  Regardless, even if we presumed error, excluding this evidence was harmless.  *See Harper*, 533 F.3d at 1030.

**AFFIRMED.**